A petition for divorce on the ground of adultery was filed on July 9th, 1926, charging the defendant with having committed adultery on June 30th, 1926, and on other dates, with persons unknown to the petitioner. After the petitioner's evidence was concluded the defendant filed a counter-claim for divorce on the ground of extreme cruelty. *Page 533 
The testimony shows that the defendant in the instant case brought an action against her husband, the petitioner in this case, in New York, on the ground of cruelty of her husband, Courtland H. Young. That suit was dismissed.
In the latter part of 1923 the petitioner, Courtland H. Young, started a habeas corpus proceeding for the purpose of securing the custody of his child, Rosebud. The suit was decided against him.
In 1925 the petitioner, Courtland H. Young, commenced a suit for divorce in New York on the ground of adultery. The action was tried before a jury, and there was a disagreement. The action was later re-tried and again resulted in a disagreement.
In the early part of 1926 the defendant, Dorothy R. Young, again brought an action for separate maintenance in the State of New York, both being residents of New York at that time. That action is still pending in the Supreme Court of New York state.
The petitioner is now domiciled on the heights of Weehawken, New Jersey. His explanation as to why he left New York and came to Weehawken, New Jersey, is that he had bronchial trouble and was advised to move away from the city of New York. He moved to Weehawken, and then about two months after moving to Weehawken he started this suit in the court of chancery of New Jersey against the defendant on the ground of adultery, naming a specific instance and with a specific party in the month of June in New York City.
As to petitioner's main case on the question of adultery, the testimony shows that on the morning of June 30th, 1926, at about eight o'clock, the petitioner and his brother and another person named Parish, penetrated into the home of the defendant, and they there found the defendant in bed with another man named Emery. He did not produce this man Parish at the trial, but the petitioner was strongly corroborated by his brother, and I see no reason to disbelieve either one of them. The Negro maid, who had only been in the employ of the defendant for two weeks, testified that she saw the defendant in bed with a man with whom she is charged *Page 534 
with committing adultery on June 30th, 1926, at 225 Central Park West, New York City.
At the time of the filing of the petition the co-respondent was unknown to the petitioner, but it subsequently developed during the trial who the co-respondent actually was. The co-respondent's name is Mr. Emery, whom the defendant admitted was at her home the night before for dinner, and whom she had met only three days prior to the time at a house party, and who assisted her to move her belongings from the Central Park West apartment to Sheepshead Bay. She admitted he actually removed some of her belongings on the night of the 29th of June, and returned with her between eleven-thirty and twelve o'clock. The petitioner and his witnesses testified that he was the man they saw in her apartment in bed with her on the morning of June 30th, as was testified to by the petitioner and his brother and a Negro maid who was in the employ of the defendant. The Negro maid also testified that a number of other men had called at the apartment, and also phoned from time to time.
I am of the opinion that the three essential requisites, not only to be proved but to be corroborated, namely, marriage, residence and cause of action, have been fully complied with.
The counter-claim of the defendant asking for divorce on the grounds of extreme cruelty, in which the defendant prayed for an absolute divorce, will be denied, as there is nothing in this case, in my opinion, to show any conduct that affected the physical safety or health of the defendant.
I will, therefore, advise a decree for absolute divorce in favor of the petitioner, and will deal with the custodianship of the child, Rosebud, when counsel appear before me. *Page 535